## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **CAROL A. STANDEN,** | : | **No. 3:11cv1988** |
| **Plaintiff** | : | |
| | : | **(Judge Munley)** |
| **v.** | : | |
| | : | |
| **GERTRUDE HAWK CHOCOLATES, INC.,** | : | |
| **Defendant** | : | |

:::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## MEMORANDUM

Before the court for disposition are motions in limine filed by

Defendant Gertrude Hawk Chocolates, Inc., in advance of the pretrial

conference.  The motions have been fully briefed and are ripe for

disposition.  For the reasons that follow, the motions will be denied.

## Background

This Title VII sexual harassment hostile work environment claim

arose from Plaintiff Carol A. Standen's (hereinafter "plaintiff") employment

with Defendant Gertrude Hawk Chocolates, Inc. (hereinafter "defendant").

Plaintiff began working for the defendant in 1992 as a Candy

Packer.  (Doc. 46-1,Def.'s Statement of Material Facts (hereinafter "SOF")

¶ 1; Doc. 46, Ex. A, Dep. of Carol Standen (hereinafter "Standen Dep.") at

13).  In 1993 or 1994, defendant promoted plaintiff to the position of

Packaging Technician.  (Standen Dep. at 13-14).  Plaintiff continued

working as a Packaging Technician until 2008 when she took FMLA leave for eight (8) weeks. (SOF ¶ 53). While out on FMLA leave, plaintiff resigned from her position. (Id. ¶ 54).

Prior to resigning in November 2008, plaintiff claims that from 2002 through 2008 she had been the victim of sexual harassment, numerous unwelcome and unwanted physical touchings and was subjected to a severe and pervasive sexually hostile work environment. (Id. ¶ 7; Standen Dep. at 15). Specifically, plaintiff testified that three male employees sexually harassed her: (1) David Black; (2) Phil Calachino and (3) Jim Pope. Plaintiff further alleges that she filed numerous complaints with her supervisors up to and including defendant's Chief Executive Officer, David Hawk. (SOF ¶ 8). Specifically, plaintiff provided a "last chance" complaint to Hawk on November 11, 2008. (Id. ¶ 9).

In response, plaintiff filed the instant lawsuit on October 25, 2011, (Doc. 1) and an Amended Complaint on February 21, 2012 (Doc. 12). In her Amended Complaint, plaintiff alleged claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2 (hereinafter "Title VII") and the Pennsylvania Human Relations Act (hereinafter "PHRA"). The sole remaining claim after discovery and a motion for summary judgment is

2

Count I, Title VII sexual harassment hostile work environment from 2002 through 2008.

A pretrial conference has been scheduled, and in accordance with the court's rule, defendant has filed two motions in limine.  We will address them *in seriatim*.

## 1.  Motion to preclude any reference to plaintiff's suicide attempt

Plaintiff alleges that due to the sexual harassment she attempted suicide.  Defendant seeks to preclude from trial any reference to plaintiff's suicide attempt.  Defendant contends that plaintiff's suicide attempt is not relevant to the underlying sexual harassment claim, and even if it is, plaintiff's alleged suicide attempt is unfairly prejudicial, confusing, and/or misleading to the jury.  Plaintiff argues that her alleged suicide attempt is relevant to establishing both liability and damages, and the fact that the evidence may prove damaging to the defendant does not render it unfairly prejudicial.  After careful consideration, the court agree with plaintiff.

Federal law provides that relevant evidence is generally admissible.  FED. R. EVID. 402.  "'Relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would

3

be without the evidence."  FED. R. EVID. 401.  "The plain meaning of the

Rule demonstrates that the scope of relevant evidence is intended to be

broad, and the authorities support such a broad reading."  McQueeney v.

Wilmington Trust Co., 779 F.2d 916, 922 (3d Cir. 1985).

Here, plaintiff's suicide attempt is indeed relevant to establishing

liability.  Title VII prohibits sexual harassment that is "sufficiently severe or

pervasive to alter the conditions of [the plaintiff's] employment and create

an abusive working environment."  Meritor Sav. Bank, FSB v. Vinson, 477

U.S. 57, 67 (1986).  Hostile work environment claims require a plaintiff to

establish five elements: (1) the discrimination was intentional and because

of the plaintiff's sex; (2) the discrimination against plaintiff was severe or

pervasive; (3) the discrimination **had a subjective detrimental effect on**

**the plaintiff**; (4) the discrimination was objectively detrimental; and (5)

respondeat superior liability.  Mandel v. M & Q Packaging Corp., 706 F.3d

157, 167 (3d Cir. 2013) (citing Jensen v. Potter, 435 F.3d 444, 449 (3d

Cir. 2006)) (emphasis added).  While psychological harm is not required,

"[t]he effect on the employee's psychological well-being is relevant in

determining whether the plaintiff actually found the environment abusive."

Harris v. Forklift Sys., Inc., 510 U.S. 17, 23 (1993).

4

Here, plaintiff's suicide attempt is relevant because it is a core component of her *prima facie* case–that the sexual discrimination **detrimentally affected her**.  Stated differently, the law compels plaintiff to offer testimony of her emotional distress, including her suicide attempt. Additionally, plaintiff must be permitted to introduce evidence regarding her suicide attempt to enable the jury to determine plaintiff's damages.  As such, plaintiff's suicide attempt is relevant.

Relevant evidence, however, may be excluded "if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."  FED. R. EVID. 403.

Defendant argues that plaintiff's suicide attempt should be excluded because it will only be offered to confuse or mislead the jury and "would undoubtedly cause unfair prejudice to the defendant."  (Doc. 58, Def.'s Mot. in Limine at 2).  Defendant cites no authority, and our research has uncovered none, to support this proposition.  Indeed, the Third Circuit Court of Appeals requires the opposite conclusion.  See Carter v. Hewitt, 617 F.2d 961, 972 (3d Cir. 1980) (noting that Rule 403 does not offer

protection against evidence that is merely prejudicial, in the sense of being detrimental to a party's case.  Rather, the rule only protects evidence that is **unfairly** prejudicial) (citation omitted) (emphasis added).

As previously discussed, the probative value of plaintiff's suicide attempt is high because it speaks directly to an essential element of plaintiff's *prima facie* case.  Additionally, while plaintiff's suicide attempt may be prejudicial, in the sense of being detrimental to defendant's case, the court finds nothing **unfairly** prejudicial regarding this evidence.  Ergo, the probative value of plaintiff's suicide attempt is not substantially outweighed by unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence.

Because plaintiff's suicide attempt is relevant evidence and its probative value is not substantially outweighed by unfair prejudice, plaintiff may introduce evidence of her emotional distress, including her suicide attempt.  Thus, defendant's motion to preclude this evidence will be denied.

### 2.  Motion to preclude plaintiff from offering evidence of an unsupported medical diagnosis

Plaintiff seeks to testify at trial regarding her symptoms, feelings and emotions caused by the alleged harassment.  Defendant moves to

preclude plaintiff from offering self-made medical opinions regarding a mental condition or disease and any medical diagnosis she might have received from a physician.  Defendant argues that plaintiff is not a doctor, she does not intend to call an expert witness and the probative value of this evidence is substantially outweighed by unfair prejudice.  Plaintiff contends that she should be permitted to testify at trial regarding her symptoms, feelings and emotions resulting from defendant's sexually hostile work environment.  After a careful review, the court agrees with plaintiff.

Federal law limits lay opinion testimony to that which is "(a) rationally based on the perception of the witness, (b) helpful to a clear understanding of the witness' testimony or the determination of a fact in issue, and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702."  FED. R. EVID. 701.

The court concludes that plaintiff's testimony could meet this criteria. Plaintiff is not offering specialized knowledge of a diagnosis or prognosis regarding her emotional distress.  Rather, plaintiff intends to testify and describe her experience, feelings, emotions and symptoms surrounding the sexual harassment in defendant's workplace.  Plaintiff's own

7

experience and feelings are certainly rationally based on her perception of sexual harassment and would illustrate the effects of the sexual harassment to the jury.  Additionally, plaintiff agrees not to discuss any medical diagnosis or prognosis.  (Doc. 65, Pl.'s Br. in Opp'n Mot. in Limine at 3).  Defendant can demonstrate the limits of plaintiff's knowledge on cross-examination.

Defendant also contends that plaintiff is required to present expert medical testimony to establish emotional distress damages.  Defendant cites no authority, and our research has uncovered none, to support this proposition.  Indeed, courts within the Third Circuit require the opposite conclusion.  Specifically, "[t]o recover compensatory damages in a Title VII case, the plaintiff must present evidence of actual injury."  L.T. Blackshear v. City of Wilmington, 15 F. Supp. 2d 417, 430 (D. Del. 1998) (citing Gunby v. Pa. Elec. Co., 840 F.2d 1108, 1121 (3d Cir. 1988)). Neither medical evidence nor corroborating testimony, however, is required to support an award of emotional distress damages.  Id.; see also Bolden v. Se. Pa. Transp. Auth., 21 F.3d 29, 34 (3d Cir. 1994) (holding that expert testimony is not necessary to corroborate a claim for emotional distress in the civil rights context because of "the broad remunerative

purpose of the civil rights laws."). In short, Title VII does not require plaintiff to present expert medical testimony to establish emotional distress damages.

Finally, defendant contends that the probative value of plaintiff's testimony regarding her symptoms, feelings and emotions resulting from defendant's sexually hostile work environment is substantially outweighed by unfair prejudice. As previously stated, relevant evidence may be excluded "if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." FED. R. EVID. 403. Defendant, however, fails to make any argument beyond its conclusory assertion that plaintiff's testimony is not probative and defendant will be unfairly prejudiced by its admission into evidence. In any event, plaintiff has stated that she does not intend to testify regarding medical opinions, diagnoses or prognoses. Rather, plaintiff will only testify as to her feelings and emotions surrounding defendant's alleged hostile work environment. Accordingly, the court finds that the probative value of this evidence is not substantially outweighed by unfair prejudice.

In sum, the court finds that plaintiff's testimony pertaining to her feelings and emotions regarding defendant's alleged hostile work environment is admissible under Rule 701.  Additionally, plaintiff is not required to present expert medical testimony to establish emotional distress damages.  Finally, the probative value of this testimony is not substantially outweighed by unfair prejudice.  Therefore, defendant's motion to preclude this evidence will be denied.

**Conclusion**

For the reasons set forth above, defendant's motions in limine will be denied.  The plaintiff will be allowed to introduce evidence of her emotional distress, including her suicide attempt.  Additionally, plaintiff may offer into evidence testimony pertaining to her feelings and emotions regarding defendant's alleged hostile work environment.  Plaintiff, however, has agreed not to introduce evidence regarding medical opinions, diagnoses or prognoses.  An appropriate order follows.

**Date:**   **3/19/14**                           **s/ James M. Munley**
                                                            **JUDGE JAMES M. MUNLEY**
                                                            **United States District Court**